

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JULIE STILL,

        Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

        Defendant-Appellee.

No.   17-35386

D.C. No. 2:16-cv-01283-KLS

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Karen L. Strombom, Magistrate Judge, Presiding

Submitted March 6, 2019[**]

Before: TROTT, SILVERMAN, and TALLMAN, Circuit Judges

    Julie Still appeals the district court's order affirming the Commissioner's

denial of Still's applications for Social Security and Supplemental Security Income

disability benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

the district court's decision de novo and may reverse the agency only if the ALJ's decision is not supported by substantial evidence or contains legal error. We "consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014) (internal quotation marks omitted). We reverse and remand for further proceedings.

The ALJ erred in finding that the opinions of all of the mental health professionals who treated and examined Still and filled out mental residual functional capacity assessments were premised on self-reports. Ruthanne Rhoads, LMHCA, counseled Still and performed mental status evaluations. Carmela Washington Harvey, Ph.D., and Robert Parker, Ph.D., examined Still on four occasions, conducted clinical interviews and mental status evaluations, and performed testing. Clinical interviews and mental status evaluations are "objective measures" that "cannot be discounted as a 'self-report.'" *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).

Moreover, the ALJ erred in finding that the opinions of doctors who only reviewed the record were consistent with the record as a whole. To the contrary, an examination of the whole record shows that the mental health experts who *personally* observed Still and assessed her ability to work unanimously opined that

Still's depression and anxiety prevented her from working. The opinions of the doctors who merely reviewed part of the paper record, but who neither talked to nor laid eyes on Still, do not reflect the record as a whole, and thus do not provide substantial evidence to support the ALJ's decision.

**REVERSED AND REMANDED.**